IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RONALD J. HOOPER                                                                                   PLAINTIFF

v.                              Civil No. 11-2082

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Ronald Hooper, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.       Procedural Background:**

Plaintiff filed his applications for DIB and SSI on July 17, 2008, alleging disability due to back disorder, status/post open reduction and internal fixation ("ORIF") of a comminuted fracture of his right tibia/fibula with residual pain, right shoulder tendonitis, mood disorder, and post traumatic stress disorder ("PTSD") since March 1, 2007. Tr. 145, 161-163, 164-166, 167-169, 170-176, 177-179, 180-184. His applications were denied initially and on reconsideration. Tr. 67, 72, 78, 80, 82.

An administrative hearing was held on January 14, 2010. Tr. 26-64. Plaintiff was present and represented by counsel. At this time, Plaintiff was 29 years of age and possessed a high school education and an Associate's Degree in automotive technology. Tr. 30-31. He had past relevant work ("PRW") experience as an auto mechanic and an automobile motor assembler. Tr. 31-34, 146, 152-159, 187.

On May 11, 2010, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's back disorder, status/post ORIF of comminuted fracture of the right tibia/fibula with residual

pain, right shoulder tendonitis, mood disorder, and PTSD did not meet or equal any Appendix 1 listing. Tr. 14-16. She found that plaintiff maintained the residual functional capacity ("RFC") to perform

> light work as defined in 20 C. F. R. 404.157(b) and 416.967(b) except secondary to medication side effects, pain and fatigue, he is unable to perform sustained driving, climb scaffolds, ladders, or ropes and work at unprotected heights or around dangerous equipment-machines, and he can only occasionally climb ramps and stairs, stoop, bend, crouch, crawl, kneel, and balance. The claimant is further limited and can perform work that involves only non-complex, simple instructions with little judgment and work that is routine, repetitive and learned by rote with few variables. Lastly, the claimant can perform work that involves only superficial contact incidental to work with the public and coworkers and work where the supervision is concrete, direct and specific.

Tr. 16-19. With the assistance of a vocational expert, the ALJ then found that plaintiff could still perform work as a poultry eviscerator/deboner, production line assembler, or sewing machine operator. Tr. 20-21.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on April 8, 2011. Tr. 1-5. Subsequently, plaintiff filed this action. Doc. # 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. Doc. # 11, 12.

**II.    Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw

two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

### A. The Evaluation Process:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.    Discussion**:

The medical evidence reveals that Plaintiff suffered a comminuted fracture of his right tibia and fibula in 1995, when he was struck by a vehicle while walking along the road. Tr. 235-236.  Plaintiff underwent surgical correction and hardware placement; however, he was left with chronic right lower extremity pain.  He also has a long standing history of complaints of shoulder, neck, and back pain and depression/anxiety for which he was treated via narcotic pain medications to include Methadone and Roxicodone and anti-depressant/anti-anxiety drugs including Ativan, Zoloft, Cymbalta, Xanax, and Buspar.  Tr. 200-412. Objective medical findings include imaging studies of Plaintiff's cervical and thoracic spine showing disk protrusions, spondylosis and foraminal canal stenosis in the cervical spine, and thoracic vertebral disk disease with possible nerve root compression.  Tr. 318-319.  Physical exams have also documented a decreased range of motion in the neck and back, pain, and muscle spasms.  Tr. 200-412.

The ALJ dismissed Plaintiff's subjective complaints for the following reasons: (1) Plaintiff reported to Dr. Danny Silver that the medication was controlling his pain and depression, (2) Plaintiff was not seen by a specialist, as recommended by his treating doctor, (3) Plaintiff did not participate in physical therapy as recommended by his doctor, and (4) although Plaintiff contended he did not have the money to see a specialist or undergo physical therapy, he continued to smoke one package of cigarettes per day.

Assuming the ALJ was correct in concluding that Plaintiff's pain and depression/anxiety were controlled by medication and that he failed to pursue treatment and medication as recommended by his doctors, she failed to properly develop the evidence as to the side effects of the narcotic pain medications and anti-anxiety drugs prescribed to treat Plaintiff's symptoms. *Bowman v. Barnhart*, 310 F.3d 1080, 1084 (8th Cir. 2002).  The ALJ is required to take into account the dosage, effectiveness, and side effects

of all medications prescribed to the Plaintiff. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

As stated above, the record reveals that Plaintiff was taking a combination of Methadone (three times per day), Roxicodone (twice daily), and Buspar. This is particularly bothersome to the undersigned because Methadone is a narcotic pain medication similar to Morphine that is used to treat moderate to severe pain in people who do not respond to other pain medications. *See* Physician's Desk Reference, *Methadose Generic Name: Methadone*, http://www.pdrhealth.com/drugs/methadose (last visited July 16, 2012). Common side effects of this medication include dizziness or fainting, drowsiness, weakness, and confusion. Roxicodone is also a narcotic pain medication similar to morphine that is prescribed to manage moderate-to-severe pain. *See* Physician's Desk Reference, *Roxicodone*, http://www.pdrhealth.com/drugs/roxicodone (Last visited July 16, 2012). Side effects include dizziness, drowsiness, insomnia, lightheadedness, and sedation. *Id*. Buspar is used to manage anxiety disorders. *See* Physician's Desk Reference, *Buspar*, http://www.pdrhealth.com/drugs/buspar (last visited July 16, 2012). Its side effects also include dizziness and lightheadedness. And, all three of these medications also include a warning that taking them with certain other drugs (namely other pain medications, anti-depressants, and anti-anxiety agents) could increase the side effects of the medication.

We note Plaintiff's report that these medications slow him down and make him sedate and tired, rendering him unable to drive. Tr. 45-47, 241-247, 335. He also complained of some resulting confusion. While we note the ALJ's conclusion that the side effects of Plaintiff's medication would prevent him from performing work requiring sustained driving; climbing scaffolds, ladders, or ropes; or working at unprotected heights or around dangerous equipment-machines, she concluded Plaintiff could perform work as a poultry eviscerator or de-boner, production line assembler, and sewing machine operator. It seems clear to the undersigned that an individual taking these three medications, each of

which is likely to cause dizziness and drowsiness, should not work around moving belts and equipment or knives, needles, or other sharp objects, as he could injure himself or others.

Accordingly, on remand, the ALJ is directed to reconsider the side effects of Plaintiff's medication. In so doing, she should forward interrogatories to Plaintiff's treating doctor, asking him to opine regarding the combined side effects of Plaintiff's medications. The ALJ should then include those side effects in a hypothetical question posed to the vocational expert. *See Robson v. Astrue*, 526 F.3d 389, 392 (8th Cir. 2008) (recognizing that VE's testimony is substantial evidence when it is based on accurately phrased hypothetical capturing concrete consequences of claimant's limitations).

Additionally, in prior cases, vocational experts have testified that individuals who take large doses of narcotic pain medications daily would be unable to perform work that exists in the national economy, because employee drug testing policies require employees to divulge their prescription medications to their employer. Experts have indicated that employers are hesitant to hire individuals who are taking large quantities of these medications, as they are considered a liability. Therefore, on remand, the ALJ should also question the vocational expert regarding the effects, if any, Plaintiff's reliance on these medications would have on his ability to return to work without accommodation.

## IV.   Conclusion:

Based on the foregoing, we reverse the decision of the ALJ and remand this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 17th day of July 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)